UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jarred Dean Lind,

           Petitioner,

vs.                               REPORT AND RECOMMENDATION

Joan Fabian, and
State of Minnesota,

           Respondents.         Civ. No. 07-3558 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's submission of a self-styled pleading, which was entitled "Motion for Habeas Corpus Ad Subjiciendum." The Petitioner appears pro se and, the Respondents appear by Peter R. Marker, Assistant Minnesota Attorney General.

The Petitioner, who is a Minnesota State prison inmate, commenced this action by filing a Motion for Habeas Corpus Ad Subjiciendum, by which he seeks to be brought into a Federal District Court to challenge the length of his confinement by the

State of Minnesota. See, Docket No. 1. Other than claiming his commitment is unconstitutional, the Petitioner fails to disclose any of the information, that is required by the form utilized in this District for Habeas Petitions, in order that we can determine whether he presents a cognizable claim. We think it a minimal -- indeed, trifling -- inconvenience to require the Petitioner to explain to the Court, and to the proposed Respondents, why he believes that his commitment is unlawful under the United States Constitution, Statutes and Treaties. While the Petitioner claims that his commitment violates the Minnesota Constitution, that is insufficient to raise a viable claim under Federal Habeas Corpus. See, e.g., Poole v. Goodno, 335 F.3d 705, 708 n.4 (8th Cir. 2003)("Much of Poole's argument relies on the Minnesota Territorial Laws and the Minnesota Constitution, but the only claims cognizable on federal habeas review are those based on violations of federal law, as determined by the United States Supreme Court."), citing Title 28 U.S.C. §2254(d).

By Order dated August 13, 2007, we directed the Clerk of Court to send the Petitioner a blank copy of the Habeas Corpus Petition form that is to be used in this district for actions brought under Title 28 U.S.C. §2254, and directed the Petitioner to file an entirely new pleading, on that form, to be captioned "Amended Petition," by August 31, 2007. The Order expressly advised the Petitioner that his case would be

subject to dismissal unless he complied with the stated requirement within the time allowed.

The deadline for satisfying the requirement of this Court's prior Order has since expired, and the Petitioner has failed to comply.  Therefore, based on the Petitioner's failure to comply with our Order dated August 13, 2007, and his failure to prosecute this action, we recommend that his Complaint be dismissed, without prejudice.  See Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Petitioner's self-styled "Motion for Habeas Corpus Ad Subjiciendum" [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order dated August 13, 2007, and for failure to prosecute.

2.      That the Petitioner's Motion for Service of Process [Docket No. 2] be denied, as moot.

Dated:  October 2, 2007               *s/Raymond L. Erickson*
                                      Raymond L. Erickson
                                      CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 17, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 17, 2007,** unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.